[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#114) 
The defendant, Kevin Gibbs, moves to strike count four of the plaintiff's complaint on the ground that the plaintiff, Ralph Hayes, as the administrator of the estate of his son Andrew Hayes, has failed to allege a legal relationship between the defendant and the plaintiff that gives rise to a cause of action for negligence.
 FACTS 
On January 31, 2000, the plaintiff filed a complaint against the defendants, the Lyme Tavern Café (tavern), Dianne Lynch[1], The Golden Spur Package Store (package store), John Ahern[2] and Kevin Gibbs. According to the complaint, on April 4, 1999, Andrew Hayes, who was under twenty-one years old, died after consuming alcohol bought at the package store, consuming alcohol at the tavern and ingesting a substance known as "Invigorate" that was given to him by Kevin Gibbs.
Count one alleges a claim of negligence against the tavern. Count two alleges a dram shop claim against the tavern. Count three alleges a claim of recklessness against the tavern. Count four alleges a claim of negligence against Kevin Gibbs and count five alleges a dram shop claim against the package store. CT Page 722
On September 20, 2000, the defendant, Gibbs, filed a motion to strike count four of the complaint and a memorandum in support of the motion on the ground that it is legally insufficient in that it does not allege a legal relationship between the defendant and the decedent. The plaintiff filed an objection to the motion to strike on October 18, 2000.
 DISCUSSION 
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 588. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997).
The defendant, Gibbs, moves to strike count four of the complaint on the ground that the plaintiff has failed to allege facts that give rise to a legal relationship so as to impose a duty of care on Gibbs. Gibbs argues that the harm to the decedent was not foreseeable.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . Contained within the first element, duty, there are two distinct considerations. . . . First, it is necessary to determine the existence of a duty, and then, if one is found, it is necessary to evaluate the scope of that duty. . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 566,707 A.2d 15 (1998). The existence of a duty is a question of law and may CT Page 723 properly be tested in a motion to strike. See Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 171, 544 A.2d 1185 (1988).
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result ? . . .A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed . . . .The final step in the duty inquiry . . . is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results. . . ."(Citation omitted; internal quotation marks omitted.) Lombard v. Edward J. Peters, Jr.,P.C., 252 Conn. 623, 632-33, 749 A.2d 630 (2000).
"[T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 665-66, 748 A.2d 834 (2000).
The plaintiff alleges that while the decedent was socializing and drinking at the tavern, "Gibbs, provided the decedent with a liquid containing a substance know as `Invigorate', which the decedent consumed." (Complaint, Count one, ¶ 10.) The plaintiff further alleges that "Gibbs, was negligent and careless . . . in that he: (a) Provided the decedent with Invigorate, which is an unreasonably dangerous substance; (b) Knew or should have known of the dangerous propensities of Invigorate, and yet provided it to the decedent; (c) Knew or should have known that the use of Invigorate with alcohol is unreasonably dangerous, CT Page 724 and yet failed to warn the decedent of the same . . . (e) Failed to warn the decedent of the dangerous propensities of Invigorate; and (f) failed to take reasonable action such as calling for an ambulance after he noticed that the decedent became ill, semi-conscious and/or unconscious, when Defendant Gibbs knew or should have known that the probable cause of the decent's illness and condition was the use of Invigorate." (Complaint, Count four, ¶ 17.) The plaintiff alleges that the decedent became semi-conscious, unconscious and then died as a direct and proximate result of Gibbs' negligence. (Complaint, Count four, ¶ 18.)
The question, therefore, is whether an ordinary person in Gibbs' position, knowing what Gibbs knew or should have known, would anticipate that the harm suffered by the decedent was likely to result. Specifically, whether it was foreseeable to Gibbs that the decedent's alleged illness and death would result from ingesting "Invigorate."
Gibbs argues that the decedent's illness and death were not foreseeable to him.[3] He argues that "there is no duty of care imposed by the law on one adult for giving a legal dietary supplement to another adult which they are both legally entitled to possess and consume." (Defendant's memorandum, p. 6.)
The plaintiff sufficiently alleges that it was foreseeable to Gibbs that the harm of the general nature that the decedent suffered was likely to result from Gibbs giving the decedent "Invigorate." The plaintiff alleges that Gibbs knew or should have known of the dangerous propensities of "Invigorate" when taken alone and when taken with alcohol. A reasonable person in Gibbs' position, who knew or should have known that "Invigorate" was dangerous and that the use of Invigorate with alcohol is unreasonably dangerous, would anticipate that the decedent's illness and death could result from ingesting "Invigorate" with the consumption of alcohol. The legality of "Invigorate" is not relevant because the plaintiff alleges that "Invigorate" is an unreasonably dangerous substance. The plaintiff alleges that the harm suffered by the decedent was foreseeable and Gibbs had a duty to warn the decedent of the dangerous nature of "Invigorate." Therefore, the plaintiff alleges with legal sufficiency that a legal duty existed between Gibbs and the decedent.
The plaintiff further sufficiently alleges that Gibbs breached his duty to warn the decedent of the dangerous nature of "Invigorate" (Complaint, Count four, ¶ 17(e)) and, as a direct and proximate result of Gibbs' negligence and carelessness, the decedent became semi-conscious, unconscious then died. (Complaint, Count four, ¶ 18.)
Viewing the allegations in the light most favorable to the plaintiff CT Page 725 and taking the allegations as true, the court finds that the plaintiff has sufficiently alleged a duty, a breach, causation and actual injury, and, thus, has sufficiently alleged a cause of action for negligence against Gibbs. Therefore, the defendant's motion to strike count four of the plaintiff's complaint is denied.
D. Michael Hurley Judge Trial Referee